IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROVER PIPELINE LLC,

        Plaintiff,

             v.

ROVER TRACCT NO. PA-WA-HL-004.500
COPRISED OF TEMPORARY
EASEMENT(S) TOTALING 1.3600 ACRES,
MORE OR LESS, OVER A PAREL OF
LAND IN HANOVER TOWNSHIP,
WASHINGTON COUNTY,
PENNSYLVANIA TOTALING 49.571
ACRES
*James M. Buchanan and Diane Zack,*
*Buchanan Farm #4, LP, a Pennsylvania*
*Limited Partnership 3259 St. Rt. 18*
*Hookstown, PA 15050/Any Unknown Owners*,
ET AL.,

        Defendants.

19cv0292
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Plaintiff, "Rover," has filed a Motion to Compel Mediation upon the Old Wilson Farm

Land Trust.  ECF 48.  The Old Wilson Farm Land Trust filed a Response (ECF 53) stating that

although it agreed to mediation, it did not know or realize that the mediation was to be held in

front of a former United States Court District Judge, Sean J. McLaughlin.  For the reasons that

follow, this Court will grant Rover's Motion to Compel and will Order the Old Wilson Farm

Land Trust to attend the mediation in front of former Judge McLaughlin on May 29, 2019 at

10:00 a.m.

First, on March 27, 2019, counsel for Rover filed a Stipulation Selecting ADR Process,

but failed to identify the Neutral who would serve as the Parties' arbitrator, mediator, or early

neutral evaluator.  ECF 30.  As a result, the Court entered an Order striking the incomplete

Stipulation.  ECF 31.

Next, on March 28, 2019, counsel for Rover filed an [Amended] Stipulation naming

David White, Esquire, as the neutral who would handle the ADR session.  ECF 33.  Also, on

March 28, 2019, the Court held a conference to discuss the Motion for Partial Summary

Judgment that Rover had filed against all Defendants.  ECF 36.

During this conference, the Court denied as moot Rover's Motion for Partial Summary

Judgment (ECF 5), in light of its settlement with all Defendants except the Old Wilson Farm

Land Trust.  ECF 37.  The Court Ordered Plaintiff to file new Motion as to the Old Wilson Farm

Land Trust. Id.

Later that same day, March 28, 2019, counsel for Rover filed a Motion for Partial

Summary Judgment and Immediate Access and Possession Temporary Easements to be

Condemned as to the Old Wilson Farm Land Trust.  ECF 39.  The Court granted this Motion (but

noted that its judgment did not affect the right of the Old Wilson Farm Land Trust to just

compensation), thus giving Rover – after Rover posted a $10,000 bond – access and possession

of the rights condemned with respect to the Old Wilson Farm Land Trust.  ECF 40, ECF 42, and

ECF 43.

Next, on April 12, 2019, an email was sent at 2:21 p.m. from Amy Bross, administrative

assistant to Judge McLaughlin, to Mr. Bolind, counsel for the Old Wilson Farm Land Trust, and

Jon Beckman, counsel for Rover.  ECF 48-1.  In her email, Ms. Bross provided the attorneys

with seven different dates during the month of May to hold a mediation with Judge McLaughlin

in his Pittsburgh office.  Id.  The signature block on her email clearly identifies the name of the

firm for whom Ms. Bross and Judge McLaughlin work ("KnoxLaw"), and author signed her email as "Amy Bross, Administrative Assistant to Hon. Sean J. McLaughlin (ret.)." Id.

At 2:30 p.m. on April 12, 2019, Mr. Bolind, responded to Ms. Bross and Jon Beckman, noting that he was available on three of the proposed mediation dates. Id. At 3:02 p.m. that same day, Jon Beckman narrowed Mr. Bolind's three available dates down to one, prompting Ms. Bross to respond, "Wonderful. I will schedule for May 29th at 10:00 a.m. in our Pittsburgh office." Id.

On April 30, 2019, counsel for Rover received notice from Judge McLaughlin's office that the docket still reflected and identified David White, Esq., as the mediator in this case. ECF 48. Counsel for Rover, recognizing that the [Amended] Stipulation (ECF 33) needed to be revised to reflect the correct mediator, notified counsel for the Old Wilson Farm Land Trust that Rover would file a [Second Amended] Stipulation because the previously filed Stipulation reflected that Dave White would serve as the mediator on an unknown date. ECF 48-2. Counsel for Rover further indicated that if Counsel for the Old Wilson Farm Land Trust did not object to the entry of this [Second Amended] Stipulation, same would be filed the next day, May 1, 2019.

On May 1, 2019, Rover filed the [Second Amended] Stipulation which identified Judge McLaughlin as the Mediator and established that the mediation would take place on May 29, 2019 at 10:00 a.m in Pittsburgh as per the April 12, 2019 email exchange among counsel for the Parties and Judge McLaughlin. ECF 46.

On May 14, 2019, counsel for Rover filed the instant Motion to Compel the Mediation scheduled for May 29, 2019, at 10:00 a.m., before Judge McLaughlin. ECF 48.

In its Response to the Motion, counsel for the Old Wilson Farm Land Trust admits that he engaged in the aforementioned April 12, 2019 email exchange with Judge McLaughlin's

assistant and counsel for Rover, but states that he did not "discover" that this case would be mediated in front of Judge McLaughlin until sometime thereafter. ECF 58, ¶ 3. Counsel for Defendant indicates that he was unaware that Judge McLaughlin was going to mediate this matter until April 30, 2019, and he was not afforded enough time to lodge a formal objection prior to Counsel for Rover filed the [Second Amended] Stipulation. Id.

While the Court appreciates the candor of counsel for the Old Wilson Farm Land Trust, the fact remains that the email which were exchanged on April 12, 2019 among counsel for both Parties and Judge McLaughlin, clearly bore Judge McLaughlin's name and that of his firm. ECF 48-1. Thus, although it is possible that counsel for the Old Wilson Farm Land Trust overlooked the signature line on the email, the name of the firm is quite prominent and bold, and counsel should have, at the least, made note of that.

Moreover, if counsel for the Old Wilson Farm Land Trust had deep seated concerns about Judge McLaughlin serving as the Mediator for any reason, counsel for the Trust should have filed an Objection to the [Second Amended] Stipulation with this Court within a reasonable period of time from the date the [Second Amended] Stipulation was filed – May 1, 2019.[1] Instead, fourteen days after the [Second Amended] Stipulation was filed, and fifteen days before the mediation is to take place, counsel for Rover filed the instant preemptive Motion to Compel out of concern that counsel for the Old Wilson Farm Land Trust would not attend the May 29, 2019 mediation. The only objection this Court has received from the Old Wilson Farm Land Trust has been buried within the Response to the Motion to Compel. ECF 53.

---

[1] Counsel for the Old Wilson Farm Land Trust notes that it lodged an objection with Rover's counsel during a telephone conference at some point in time after the [Second Amended] Stipulation was filed. However, at no point in time, until this Court ordered counsel for the Old Wilson Farm Land Trust to respond to Rover's Motion to Compel, was this Court made aware of the Trust's objections to Judge McLaughlin serving as a mediator.

Furthermore, as noted above, this Court held a conference with the Parties on March 28, 2019. Although Attorney Bolind did not attend this matter on behalf of his client, the Old Wilson Farm Land Trust, he did acknowledge receiving this Court's subsequent Order. The Court cannot assist the Parties or their counsel in this proceeding if they do not avail themselves of the Court. Mr. Bolind's lack of participation in the conference and his failure to alert the Court as soon as he learned of his misunderstanding as to who would be a mediator in this case, exemplifies a lack of tenacity.

Finally, this Court has confidence and respect for its former Chief Judge for the Western District of Pennsylvania, Sean J. McLaughlin. The Court considers the Parties fortunate to have secured him as a mediator in this matter. Although he may not be as "instantly" familiar with the matter at hand as Judge Frampton (who handled a related matter), Judge McLaughlin, as a former Federal Court Chief Judge, will undoubtedly have no trouble managing the issues at hand and mediating this matter in the most unbiased and just fashion.

For all of the foregoing reasons, Plaintiff's Motion to Compel Mediation is GRANTED and this Court ORDERS counsel for the Old Wilson Farm Land Trust to attend the mediation with full settlement authority and in good faith before Judge Sean J. McLaughlin on May 29, 2019 at 10:00 a.m. as set forth in the [Second Amended] Stipulation filed at ECF 46.

SO ORDERED this 22nd day of May, 2019, by

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record